DORON WEINBERG (SNB 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
Email: doronweinberg@aol.com

Attorney for Defendant
JOHN MICHAEL GALLOWAY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-14-0607 PJH |
| Plaintiff, | DEFENDANTS' MOTION FOR BILL OF PARTICULARS |
| vs. | |
| JOHN MICHAEL GALLOWAY, NICHOLAS DIAZ, GLENN GUILLORY, THOMAS JOYCE, and CHARLES ROCK, | |
| Defendants. | DATE: July 27, 2016<br>TIME: 2:30 P.M.<br>JUDGE: Hon. Phyllis J. Hamilton<br>COURT: 3, 3rd Floor |

TO: UNITED STATES OF AMERICA, PLAINTIFF, AND TO E. KATE PATCHEN, ASSISTANT CHIEF, ANTITRUST DIVISION, AND TO MICAH L. RUBBO, ALEXIS J. LOEB AND SARA A. MUSSER, TRIAL ATTORNEYS, ANTITRUST DIVISION, AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on July 27, 2016 at 2:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Phyllis J. Hamilton, United States Chief District Judge, all defendants, by and through their counsel of record, will move the Court for its Order directing the government to provide defendants with a bill of particulars, as further described in the within motion.

_____
Defendants' Motion for Bill
of Particulars  (Case No. CR-14-0607 PJH)           1

## INTRODUCTION

The instant Motion for Bill of Particulars is narrowly tailored to address the particular problems raised by the Indictment in this case. Rather than asking the government to "spread its entire case before defendants" (*Cf. Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960)), or seeking to know all of the evidence the government intends to produce (*Cf. United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986)), this Motion is solely and properly focused on the clarification of the government's theory of prosecution, specifically with regard to two issues on which the Indictment is unclear and which the discovery does not illuminate.

The general principles which determine whether a bill of particulars should be ordered in any particular case are well established and well known to this Court. A bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The bill serves three purposes: to inform the defendant of the nature of the charges, to avoid or minimize the danger of surprise at trial, and to protect against double jeopardy "when an indictment itself is too vague and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979); see also, *United States v. Fernandez*, 388 F.3d 1199, 1217-18 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005).

As will be seen, defendants do not seek a bill of particulars for any of the reasons deemed insufficient or improper in cases such as *United States v. Long, supra*, *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960); *United States v. Neff*, 212 F.2d 297, 308 (3rd Cir. 1954) and *United States v. Gieser, supra*. They do not seek to know all the *evidence* the government intends to produce, but only the *theory* of the government's case, which they are plainly entitled to know. *United States v. Ryland, supra*, at 942; *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963).

///

///

///

_____
Defendants' Motion for Bill
of Particulars (Case No. CR-14-0607-PJH)        2

**ARGUMENT**

**I.   A BILL OF PARTICULARS IS NECESSARY IN THIS CASE, TO AVOID A PREJUDICIAL SURPRISE AT TRIAL, AND TO ENABLE THE DEFENDANTS TO PREPARE A DEFENSE AND PROTECT AGAINST DOUBLE JEOPARDY.**

As argued more fully in defendants' motion to dismiss the fraud counts, the Indictment does not provide the information required by Rule 7 of the Federal Rules of Criminal Procedure, and does not provide defendants with sufficient information to allow them to prepare their defense and to avoid prejudicial surprise at trial.

The deficiencies in the Indictment which require clarification of the charges are of two kinds: first, with respect to the fraud counts, the Indictment fails to identify what "false and fraudulent pretenses, representations, and promises" were made by any of the defendants or their co-schemers; when, by whom and to whom such pretenses, representations or promises were made; or how the pretenses, representations or promises had the tendency to influence, or were capable of influencing anyone to part with money or property, and were thus material.[1]

Second, and equally important, a bill of particulars is required so that the defendants, and this Court, can understand the basis for the government's apparent theory that the bid-rigging conspiracy and the mail fraud scheme are separate and independent crimes. Specifically, defendants seek clarification regarding (1) whether ¶ 11f. of the Indictment, which alleges that defendants held "second, private auctions, known as 'rounds,' to determine the pay off amounts and the conspirators who would be awarded the selected companies" addresses the same conduct

---

[1] Inasmuch as the Indictment does not allege that any material omissions of fact were made by any person with a duty to disclose that fact, defendants do not here request disclosure of particulars commensurate with those requested herein as to affirmative misrepresentations. Should the government assert that it intends to pursue a theory of omissions, and should the Court permit the government to do so notwithstanding its absence in the Indictment, defendants would request that the bill of particulars include disclosures of the specific omissions alleged and the bases on which a duty to disclose is asserted.

Defendants' Motion for Bill
of Particulars (Case No. CR-14-0607-PJH)     3

as that addressed in ¶ 18a., which alleges that defendants held "second, private auctions, known as 'rounds,' to determine pay off amounts and the schemers who would be awarded the selected properties," and if not, how the conduct differs; (2) what were the "monies that otherwise would have gone to beneficiaries," as alleged in ¶ 18c.; (3) what were the suppressed purchase prices referred to in ¶ 18e., how were they suppressed, and how was the suppression of purchase prices different from the conduct described in ¶ 11a.-f.?

These disclosures and clarifications are necessary to enable defendants to prepare their defense at trial and to avoid surprise, because it is fundamentally important to understand whether they face overlapping charges based on one course of conduct or separate charges based on separate courses of conduct, and if so how they differ. Additionally, disclosure is necessary to protect against double jeopardy and to address two related concerns: (1) whether the Indictment is multiplicitous in charging a single offense in several counts, thereby requiring an election by the prosecution (see, generally, LaFave, Israel, King & Kerr, *Criminal Procedure* (4th Ed. 2015,) § 19.3(e)); and (2) whether the defendants may be unduly exposed to excessive punishment by the separation a single course of conduct into separate agreements. This latter concern involves potential consecutive sentencing as well as the application of U.S.S.G. § 2.B1.1(c)(3) which directs that punishment for fraud convictions based on conduct that constitutes an offense punishable under a separate Guideline should be punished under the terms of that separate Guideline.

Accordingly, the government should be required to produce a bill of particulars that provides the following information:

**A.     Concerning Counts 3-9 (Mail Fraud).**[2]

1.     Identify any alleged false and misleading statement supporting each count, when such statement was made, by whom each statement was made, and who was recipient of

---

[2]   Count 2 of the Indictment was dismissed by Order of this Court on May 24, 2016.

Defendants' Motion for Bill
of Particulars  (Case No. CR-14-0607 PJH)              4

each such statement.

      2.    Identify the institution or person alleged to be the victim of each mail fraud count.

      3.    Identify the person or institution that was deceived or caused to lose money or property as the result of the fraud alleged in each count.

      4.    Identify how each such statement was material, in that it induced or was capable of inducing the loss of money or property underlying each count.

**B.    Concerning The Bid-Rigging Conspiracy Described in Paragraphs 7-11 And the Mail Fraud Scheme Described in Paragraphs 15-18 of the Indictment.**

      1.    Is the conduct alleged in ¶ 11f. the same as the conduct alleged in ¶ 18a.?

      2.    If the conduct alleged in ¶ 11f. is not the same as the conduct alleged in ¶ 18a., how does it differ?

      3.    What were the "monies that otherwise would have gone to beneficiaries" referred to in ¶ 18c.?

      4.    On what basis is it alleged that money should have gone to the beneficiaries?

      5.    How were the rounds and payoffs concealed, as alleged in ¶ 18d.?

      6.    How were the purchase prices referred to in ¶ 18e. "suppressed"?

      7.    Was the method by which the purchase prices referred to in ¶ 18e. were suppressed the same as the conduct described in ¶ 11a.-f.?

      8.    If the conduct described in ¶ 11a.- f. differs from the method of suppression referred to in ¶ 18e., how does it differ?

///

///

///

_____
Defendants' Motion for Bill
of Particulars (Case No. CR-14-0607-PJH)     5

## CONCLUSION

Defendants respectfully submit that the information requested herein is necessary to permit them to prepare their defense for trial and to avoid prejudicial surprise, as well as to avoid trial on multiplicitous counts and exposure to undue punishment, and therefore request that the Court order a bill of particulars providing the information requested herein.

Dated:   May 25, 2016                     Respectfully submitted,

                                          LAW OFFICES OF DORON WEINBERG


                                           /s/ Doron Weinberg
                                          DORON WEINBERG

                                          Attorney for Defendant
                                          JOHN MICHAEL GALLOWAY on Behalf of
                                          All Defendants